Eastern District.
*January*, 1830.

LANDREAUX
ET AL.
*vs.*
CAMPBELL.

</div>

---

### GARRETSON & AL. *vs.* ZACHARIE.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. The defendant is sued on a bond, in which he was surety of Cochrane, in a suit of the latter against one Smith, who, with the present plaintiffs, were joint owners of the steam-boat Leopard. The bond was given, on obtaining an order of seizure. Pending the proceedings, the boat was sold, and there being ultimately judgment for the present plaintiffs in that suit, they brought this action, in which, after setting out these facts, they aver they have suffered damage to the amount of $3,854.

The defendant pleads the general issue.

<div style="text-align: right">

The surety, on an attachment bond, is not liable, when the principal had a cause of action, but fails to recover, on account of some irregularity in the proceedings, posterior to the bond.

</div>

Eastern District.
*January, 1830,*

GARRETSON
ET AL.
*vs.*
ZACHARIE.

The parish judge gave judgment in favour of the plaintiffs for $600, being the one half of the price for which the boat was sold. The defendant appealed, and the appellees have complained of the judgment, as not allowing a sufficient sum in damages.

Various grounds of defence have been set up in this court. Those which require a particular notice, are as follow:

First, that the seizure was not wrongfully made, because the co-defendant in the suit of attachment, sued the plaintiff in that case, and judgment was obtained against him.

This circumstance, in my opinion, did not authorize the seizure of the plaintiffs' share in the boat, nor the suit against them; and for that seizure and failure to legalize it, by a judgment, the principal and surety on the bond are responsible.

Second, that the boat was sold *pendente lite*, on the demand of one of the defendants.

It cannot affect the rights of the plaintiffs, who, though sued, were never legally before the court below, at whose instance the boat was sold. It is enough, that she was disposed of, in an action to which they were not a party. The sale was a consequence of the seizure, illegally made, as it respects the plaintiffs.

Eastern District,
*January*, 1830.

GARRETSON
ET AL.
*vs.*
ZACHARIE.

The third objection is, that at the time the seizure was made, the plaintiffs really owed the plaintiff, in sequestration. This objection will be noticed, after the others are disposed of.

The fourth ground is, that there is no evidence of damage. The record shows the plaintiffs' interest in one half of the boat has been sold. They, of course, have lost the value of that half, and the evidence proves it to be $600.

The fifth objection is, that the bond was not required by law, and that the defendant is only responsible for the one half. But this ground is quite untenable, for the law required a bond before the boat could be seized or sequestered, and a judicial surety cannot plead discussion.

Lastly, it has been urged, that divers creditors of the boat intervened in the suit, proved their claims against the boat, and had their claims allowed, and paid out of the proceeds of the sale. That, consequently, the plaintiffs have sustained damage, unless the amount of their debts are satisfied. But we have no evidence before us, of the existence, or amount of these debts, except that which the record

Eastern District.
*January*, 1830.

GARRETSON
ET AL.
*vs.*
ZACHARIE.

in the suit of sequestration presents, and as the present plaintiffs were not parties to it, not being legally cited, none of the testimony, there taken, can make evidence against them.

The condition of the bond, was in the following words: "Whereas the above bounden Richard Cochrane, has this day sued out a writ of seizure, from the honorable the parish court of the parish of New-Orleans, against the steam boat Leopard, the property of the said Garretson, Bowan, Warster and L. Smith: Now, therefore, the condition of this obligation is such, that if the said Richard Cochrane shall prosecute his said writ of seizure with success, *and* shall pay all such damage as the said Garretson, Bowan, Warster and Smith shall suffer, in case it shall appear, that the said writ of seizure was wrongfully sued, then the above obligation to be void, else to remain in full force and virtue."

It is very clear, that if the obligor, either prosecuted the writ with effect, or paid the damages that ensued from his wrongfully sueing it out, the bond was discharged. The counsel for the appellee has argued the case, as if the failure to prosecute with success, was

conclusive evidence the sequestration was wrongfully sued out. This, I think, is not correct. There may be cases, where a sequestration or attachment was most rightfully sued out, and yet, from circumstances attending the progress of the suit, afer it was commenced, judgment of non-suit would be given against the plaintiff. In such a case, when sued on the bond, he ought not to be concluded by the judgment, and it would be open to him to show all the grounds, on which he resorted to this mode of enforcing his rights. But, granting to the appellant, in the present case, the full benefit of this doctrine, he has offered no proof, that the writ of sequestration was rightfully levied on the property of the plaintiffs. The judgment, rendered against him in the first suit, is *prima facie* evidence it was wrongfully sued out. The presumption, created by that judgment, has not been destroyed by any legal evidence. There is no legal proof, the plaintiffs owed him one cent, at the time the writ was sued out. The testimony, taken in a case where they were not cited, cannot be used against them. The circumstance of the action, being brought by the captain of a steam boat, in the employment of

Eastern District.
*January*, 1830.

GARRETSON
ET AL,
*vs.*
ZACHARIE.

GARRETSON
ET AL.
*vs.*
ZACHARIE.

the plaintiffs, affords no presumption of the existence of a debt, when the owners lived in another country, and the officer was running her in this state, on their account. He had the means of paying himself, from the proceeds of her freight.

The impression on my mind is, that the suit of the captain, in the first instance, was a harsh one, and that he and his sureties ought to bear all the consequences of his not succeeding in it. He was captain of the boat, entrusted by the owners, living in another country, with the care and management of her, bound by his contract, to run her to the best advantage for their interests, and return her to them at the place where he received her, unless otherwise directed. Instead of doing this, he profits by the confidence which placed the property in his hands, to seize the vessel, for a debt due to himself, and sell her. At the first sale, she brought upwards of $3,000. The purchaser not being able to comply with the contract, she was put up at auction a second time, at *three* days notice, and then the party sequestrating buys her in for $1200. Our attachment law has conferred a great privilege on strangers, by permit-

Eastern District.
*January*, 1830.

GARRETSON
ET AL.
*vs.*
ZACHARIE.

ting them to attach the property of their debtors, living abroad, when found in this state, and it is exacting no harsh measure from them, to require these laws to be strictly fulfilled. If any case can be less favourable than another, it is that of a captain of a ship or boat, attaching, in a foreign port, the property which he was to take care of, while in his possession, and return to the owners. If any thing was due, it does not appear, that he ever made a demand of it, before seizing the vessel. I think, the strict law of the case, and its equity too, in favour of the plaintiffs, and that the judgment of the court below should be affirmed, with costs.

MARTIN, J. The defendant sued, as surety on a bond, for obtaining a writ of seizure of a steam boat, pleaded the general issue; there was judgment against him, and he appealed.

The bond was given, in the case of *Cochrane vs. Smith & al. vol.* 2, 552.

Cochrane was master of a boat, one half of which was the property of Smith, and the other of the present plaintiffs: he obtained a writ of seizure (on the bond now sued on) against all the owners. Smith was

GARRETSON
ET AL.
*vs.*
ZACHARIE.

served with a citation, but the others, being absent, were not. The boat was seized, and Cochrane procured an attorney to be appointed for the latter. Afterwards, on the motion of Smith, and without any opposition from the attorney appointed to the other defendants, or Cochrane, the sale of the boat was ordered, and she was accordingly sold. The attorney had obtained sixty days, to correspond with the absent defendants, but afterwards, and before the expiration of that delay, he pleaded the general issue. Smith made default, and judgment was finally given against all the defendants. The attorney obtained an appeal, and on showing, that the absent defendants, whom he had been appointed to represent, had never been cited, and urging that they were not bound by his plea, as they were not afforded the opportunity of appointing an attorney, procured the reversal of the judgment, and brought suit on the bond against the present defendant, the surety of Cochrane.

The condition of this instrument is, that if the writ of seizure be prosecuted with success, and the plaintiff pay all such dama-

Eastern District.
*January*, 1830.

GARRETSON
ET AL.
*vs.*
ZACHARIE.

ges as the defendants may sustain, in case it shall appear the writ of seizure was wrongfully sued out, &c.

I am of opinion, that although the copulative *and* is used in the bond, the disjunctive *or* was intended by the parties; for, if the writ of seizure was successfully prosecuted, there could be no obligation to pay damages; and if the damages were paid, no claim could exist, for the want of a successful prosecution of the writ; and that the damages, for which the surety is bound, are those resulting from the writ being *wrongfully* sued out.

Indeed, it is proper, that the surety for a writ of seizure should be protected, if it be true, that the principal has a right to the writ, for he is to pay such damages only, as result from its being wrongfully sued out.

In the present case, the plaintiffs admit they were owners of one half of the boat, and Smith of the other—that Cochrane was, with their consent, master of her. This latter circumstance establishes, that Cochrane had some claim on them, for his wages, and had a privilege on that part of the boat. He established his claim, with so very mi-

Eastern District.
January, 1830.

GARRETSON
ET AL.
vs.
ZACHARIE.

nute a diminution, contradictorily with Smith, as to show, the writ of seizure was *sued out* and prosecuted with success.

As to the other defendants, the present plaintiffs; the writ, owing to a technical objection, as to matter posterior to the issue of the writ, the judgment of the inferior court, against the latter, was reversed—so that the appellant, to be relieved, must show, the writ was not *wrongfully* sued out. So, it is in evidence, that Cochrane was a creditor of all the defendants, as owners of the boat, and as such, might obtain a writ of seizure rightfully. It is said, the amount due by the plaintiffs is not established, to a definite amount. We are not ready to say, that the surety, on a writ of seizure, is liable to damages, if his principal fail in establishing every *item* of his claim. It certainly suffices, that he had a real claim, and if the adverse party complain, that it was grossly exaggerated, for the purpose of injuring him, he must give some evidence of this.

MATHEWS, J. The difference of opinion, expressed by the judges, who have preceded me in this case, makes it neces-

Eastern District.
*January*, 1830.

GARRETSON
ET AL.
*vs.*
ZACHARIE.

sary for me to express mine also. They seem to concur in every thing, except as to the evidence required, to show the existence of the debt, from the plaintiffs to Cochrane, on which the seizure and sequestration of the steam boat was obtained. If the former, as part owners of the boat, were indebted to the latter, as master, at the time of suing out the writ of seizure, it seems to be agreed, that the writ was not wrongfully obtained, and consequently, the bond, given to secure the defendant in that action, never became obligatory on the surety.

I concur in opinion with Judge Martin, that, as the evidence of the case shows, the plaintiff, in the writ of seizure, to have been master of the boat, at the time he proceeded against the present plaintiffs, who were part owners, and that it had been under his management some time previous, we are bound to presume, that he had earned wages, which were then due. I do not believe, that this presumption is in any manner disproved, by the eventual success with which the action, on the writ of seizure, was defended; when we recollect, that it was finally dismissed, on account of irregularities in forms of proceeding.

Eastern District.
*January*, 1830.

GARRETSON
ET AL.
*vs.*
ZACHARIE.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and that there be judgment for the defendant, with costs in both courts.

*Peirce* for the plaintiffs, *McCaleb* for the defendant.